UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Case No. 03-CR-52

MALKIT (MIKE) SINGH,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Malkit (Mike) Singh was convicted of two counts of Kidnapping and one count of Conspiracy to Commit Kidnapping. He was sentenced to 420 months and has a projected release date of October 5, 2033. His case is currently before me on his Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A). As amended under the First Step Act of 2018, that provision allows the court to reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling circumstances warrant such a reduction and that such reduction is consistent with applicable policy statements issued by the sentencing commission." *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, *1 (S.D. Texas June 17, 2019).

Upon receipt of Singh's motion, the court requested a response from the Government. The Government has responded, and Singh has filed a Reply. Accordingly, the matter is ripe for a decision. Having considered the entire record in this matter, including the defendant's motion and the denial of his motion by the warden of the institution where he is now in custody, the court concludes that Singh's motion should be denied.

At the outset, it remains unclear whether Singh has exhausted his administrative remedies. Although he requested compassionate release from the warden of the prison where he is presently being held, the record does not indicate whether he appealed the denial using the Administrative Remedy as advised. The failure to exhaust his administrative remedies alone would be grounds for denial, but even if he has fully exhausted his administrative remedies, Singh's motion would still be denied.

In denying Singh's initial request, the warden wrote as follows:

> All [RIS] requests must review the. following factors: nature and circumstance of the inmate's offense, unresolved detainers, length of sentence, amount of time served, inmate's current age, inmate's release.plan (employment, medical, financial) and whether release would minimize the severity of the offense, among other considerations. A review of your case reveals. you were convicted of two counts of Kidnapping and two counts of Conspiracy to Commit Kidnapping. You were sentenced to 420 months for these offenses and your projected release date is October 5, 2033, via Good Conduct Time release. Your offense involved the Kidnapping and murder of one of your victims as the second victim was able to escape during the offense. Furthermore, you have a detainer filed by Immigration and Customs Enforcement (ICE) for a deportation investigation. A review of your non-medical circumstances are not extraordinary or compelling. Furthermore, your release would minimize the severity of your offense as one victim was killed during your criminal offense and a second victim was assaulted. Also, you have an unresolved detainer with ICE for deportation and you are unable to provide release plans as long as that detainer is lodged against you.

Dkt. No. 397 at 3.

The court agrees with the warden's assessment of Singh's motion for a compassionate release. Singh was convicted of a serious offense involving the death of one person and the assault of another following an egregious kidnapping. He has served only 16 years of the 35-year sentence imposed. To allow release at this time, absent compelling circumstances, would depreciate the seriousness of his offenses.

Furthermore, Singh is only 44 years old and apparently is in reasonably good health. He claims that he is diagnosed with a chronic thyroid condition, high cholesterol, hypertension, and

2

is currently being treated for h-pylori. He also claims gastrointestinal problems due to the medications he is taking for his other conditions. These conditions are not so serious as to render his incarceration extraordinary. Indeed, he may very well be receiving better medical treatment while in custody than he would be on the outside.

Singh also cites family hardship. He notes that his mother has ailing health and has hopes of seeing her son again while alive. Singh's mother lives in India, however, and he had left her to come to this country in the first place. He shows no unusual family circumstances that would warrant release at this time. The fact that he is likely subject to deportation upon release is not a reason for relieving him of the punishment he deserves for his crimes. While he appears to have been making use and taking advantage of programs available for rehabilitation, this is not enough, whether considered by itself or with all of the factors cited, to show the compelling and extraordinary circumstances required under the statute to justify such an extraordinary request. For all of the foregoing reasons, the request for compassionate release is denied.

Dated at Green Bay, Wisconsin this 21st day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court