UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                Case No. 03-CR-52

MALKIT (MIKE) SINGH,

      Defendant.

## ORDER DENYING MOTION FOR EXTENSION OF TIME

On January 22, 2020, the court entered an Order denying Defendant's motion for compassionate release from the sentence imposed on two counts of Kidnapping and one count of Conspiracy to Commit Kidnapping. Though the defendant was proceeding pro se, the court's order did not advise the defendant of the 14-day time limit for filing a notice of appeal in a criminal case. On February 18, 2020, the defendant filed a notice of appeal. By order entered February 21, 2020, the Court of Appeals noted that the defendant's notice of appeal was 13 days late and directed him to file a memorandum on or before March 6, 2020, explaining why his appeal should not be dismissed as untimely. The defendant was also advised by the Court of Appeals that, if he wished to request an extension of time in which to file a notice of appeal, he should file an appropriate motion in the district court.

On March 9, 2020, the defendant filed a "Jurisdictional Memorandum" in this court in which he requests an extension of 30 days to proceed with filing his notice of appeal. As grounds for his request, defendant states that he was attempting to contact the attorney who previously represented him in the case. The defendant states:

> Due to circumstances and restrictions beyond the defendant's control, the defendant has not been able to discuss these mitigating facts or the possibility of retaining Mr. Dvorak's services who is semi-retired. The defendant believes that these facts are essential in order to perfect his appeal, hence his request for a 30 day extension to file his appeal.

Dkt. 403, ¶ 2. I construe the defendant's "Jurisdictional Memorandum" as a motion for an extension of time to file a notice of appeal. Since he filed his notice of appeal within thirty days of the court's order denying his motion for release, granting the motion would make timely his notice of appeal.

In order to grant a motion for an extension of time to file a notice of appeal, the court must first make a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). A finding of excusable neglect requires an equitable balancing of factors including the movant's good faith, reasons for delay and ability to control it, and the delay's impact on the proceedings and the non-movant. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134–35 (7th Cir.1996). While the determination whether to grant such a motion is entrusted to the discretion of the district court, "judges do not have '*carte blanche*' authority to allow untimely appeals." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir.2005) (reversing district court's grant of one-day extension when attorney miscalculated deadline).

In this case, the defendant does not claim ignorance of the time limit as the reason for his failure to file a timely notice. Instead, he asserts that he needed to consult with his former, now semi-retired, attorney. As the Government observes in its response to the defendant's "Jurisdictional Memorandum," the defendant's stated reason does not amount to excusable neglect or good cause for the defendant's failure to file his notice of appeal in a timely manner. The desire to speak with his former attorney did not prevent him from timely filing his notice of

2

appeal. The record shows that he filed his notice of appeal on February 18, 2020, and apparently has yet to speak with his former attorney.

The defendant also states that he wanted additional time to consult with his semi-retired attorney about mitigating facts which he believes were necessary to perfect his appeal but was prevented from consulting with his attorney by "circumstances and restrictions beyond his control." Yet, the defendant fails to say what those circumstances and restrictions were. Plaintiff offers no credible explanation as to why he could not have filed the notice of appeal earlier, and this court may not invent one for him without abusing its discretion. *See Nestorovic v. Metropolitan Water Reclamation Dist. of Chicago*, 926 F.3d 427, 432 (7th Cir. 2019) ("Nestorovic did not need an attorney to file a notice of appeal; indeed, the district court's treatment of her motion as one demonstrates how little was required."); *United States v. Guy*, 140 F.3d 735, 736 (7th Cir. 1998) (concluding that district court abuses its discretion in extending time to file criminal appeal when "absence of excuse is . . . total"); *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir.1996) (reversing district court's grant of 30–day extension in criminal appeal when attorney offered no explanation for failure to file a timely appeal). Accordingly, the motion for an extension of time is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this  27th  day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
